MEMORANDUM OPINION

 

No. 04-11-00106-CR

 

Javon Donte DUKES,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 186th
Judicial District Court, Bexar County, Texas

Trial Court No. 2010CR4694

Honorable Maria
Teresa Herr, Judge Presiding

 

PER CURIAM

 

Sitting:          Catherine Stone,
Chief Justice

                     Karen
Angelini, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  March 16, 2011

 

DISMISSED

 

Appellant Javon Donte Dukes pleaded nolo
contendere to the offense of sexual assault pursuant to a plea bargain
agreement.  As part of his plea-bargain, appellant signed a separate “Waiver of
Appeal.”  The trial court imposed sentence and signed a certificate stating
that this “is a plea-bargain case, and the defendant has NO right of appeal”.  See
Tex. R. App. P. 25.2(a)(2).  Appellant
timely filed a notice of appeal.  The clerk’s record, which includes the plea
bargain agreement and the trial court’s Rule 25.2(a)(2) certification, has been
filed.  See Tex. R. App. P. 25.2(d).
 This court must dismiss an appeal “if a certification that shows the
defendant has the right of appeal has not been made part of the record.”  Id.








The court gave appellant notice that the
appeal would be dismissed unless an amended trial court certification showing
he has the right to appeal were made part of the appellate record within thirty
days.  See Tex. R. App. P.
25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.BSan Antonio 2003, order), disp. on merits, No.
04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref=d) (not designated for publication).  Appellant’s
appointed appellate counsel filed a written response, stating she has reviewed
the record and can find no right of appeal.  After reviewing the record and
counsel’s notice, we agree appellant does not have a right to appeal.  See
Dears v. State, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court
of appeals should review clerk’s record to determine whether trial court’s
certification is accurate).  We therefore dismiss this appeal.  Tex. R. App. P. 25.2(d). 

 

PER
CURIAM

Do Not Publish